Alan Nakazawa, State Bar No. 84670
alan.nakazawa@cnc-law.com
Dena S. Aghabeg, State Bar No. 185311
daghabeg@cnc-law.com
COGSWELL NAKAZAWA & CHANG, LLP
444 West Ocean Boulevard, Suite 1410
Long Beach, California 90802-8131
Telephone (562) 951-8668
Facsimile: (562) 951-3933

Attorneys for Plaintiff/Petitioner
Nippon Yusen Kaisha

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIPPON YUSEN KAISHA, doing business as NYK LINE; NYK LINE (NORTH AMERICA) INC. as agent for NIPPON YUSEN KAISHA;<br><br>Plaintiffs,<br><br>vs.<br><br>PANDOL ASSOCIATES MARKETING, INC.;<br><br>Defendant. | CASE NO.: 1:15-at-00883<br><br>UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA CASE NO.: CV14-08055 R (JEMx)<br><br>IN ADMIRALTY<br><br>MEMORANDUM OF POINTS AND AUTHORITIES OF NIPPON YUSEN KAISHA IN SUPPORT OF EX PARTE APPLICATION FOR ORDER SCHEDULING JUDGMENT DEBTOR EXAMINATION AND TO PRODUCE DOCUMENTS |

///
///
///

MEMORANDUM OF POINTS AND AUTHORITIES OF NIPPON YUSEN KAISHA
IN SUPPORT OF EX PARTE APPLICATION FOR ORDER SCHEDULING
JUDGMENT DEBTOR EXAMINATION AND TO PRODUCE DOCUMENTS

# MEMORANDUM OF POINTS AND AUTHORITIES

Rule 69 of the Federal Rules of Civil Procedure provides that "[i]n aid of the judgment or execution . . . the judgment creditor . . . may obtain discovery from any person - including the judgment debtor - as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. Proc. 69; *See Danning v. Lavine,* 572 F.2d 1386, 1389-90 (9th Cir. 1978).

### A. Statement of Facts

On October 17, 2014, Petitioner NIPPON YUSEN KAISHA ("NYK") filed suit against PANDOL ASSOCIATES MARKETING, INC. ("PANDOL") in the United States District Court for the Central District of California [Case No. CV-14008055R (JEMx)] for freight charges due under NYK's ocean bills of lading and marine tariff. Declaration of Alan Nakazawa ("Nakazawa Decl.") §4.

On March 16, 2015, NYK filed a motion for summary judgment against PANDOL in the said action. Nakazawa Decl. §5.

On May 14, 2015, the Court issued the order granting NYK's motion for summary judgment. Nakazawa Decl. §6. A judgment was entered in favor of NYK and against PANDOL in the amount of $77,439.38 (the "Judgment"). Nakazawa Decl. §6. *See* Judgment and Abstract of Judgment attached as Exhibit "A" to Nakazawa Decl. §6.

Judgment creditor NYK now applies *ex parte* for an order requiring (1) that James Pandol of PANDOL appear before a Magistrate Judge of the Court for a judgment debtor examination; and (2) that PANDOL be order to produced, at least one week prior to the judgment debtor examination, information regarding its property and assets.

This Court is **not** the Court in which the money judgment was entered. An examination in the Central District of California, however, is outside the county in which the person to be examined resides or has a place of business; and more than 150 miles from the examinee's residence or business. Nakazawa Decl. §8. NYK applies for this order in the United States District Court for the Eastern District of California, Bakersfield Division, because the person to be examined and his place of business is within 150 miles of the Court. Nakazawa Decl. §§9, 11.

### B. NYK Is Entitled to a Judgment Debtor Examination

Rule 69 of the Federal Rules of Civil Procedure provides that "[i]n aid of the judgment or execution . . . the judgment creditor . . . may obtain discovery from any person - including the judgment debtor - as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. Proc. 69; *See Danning v. Lavine,* 572 F.2d 1386, 1389-90 (9th Cir. 1978).

Pursuant to Rule 62, proceedings to enforce a money judgment may be initiated once 14 days have elapsed since entry of judgment, unless the judgment debtor has obtained a stay by posting a supersedeas bond. Fed. R. Civ.

Proc. 62. On May 14, 2015, the Court entered Judgment against PANDOL and in favor of NYK in the amount of $77,439.38. More than 14 days has elapsed since entry of the Judgment and PANDOL has not paid any part of the Judgment, and has not sought nor obtained a stay. Nakazawa Decl. §4. Accordingly, NYK may proceed with a debtor examination.

Rule 69(a)(2) provides that NYK "may obtain discovery from any person - including the judgment debtor - as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. Proc. 69(a)(2). *See also El Salto S.A. v. PSG Co.*, 444 F.2d 477, 484 n.3 (9th Cir. 1971), *cert. den.*, 404 U.S. 940 (1971) ("a judgment creditor proceeding under Rule 69(a) may utilize either State practice or the federal rules for taking depositions").

Under California Code of Civil Procedure Rule 708.110(a), "[t]he judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment."

California Code of Civil Procedure Rule 708.110(b) provides: "[i]f the judgment creditor has not caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order upon *ex parte application* of the judgment creditor."

NYK has not sought previously nor has it conducted a debtor examination of PANDOL.

Normally, the proper court for the debtor examination under California rules is the court in which the money judgment is entered. *See* Rule 708.160(a), California Code of Civil Procedure. However, "[a] person sought to be examined may not be required to attend an examination before a court located outside the county in which the person resides or has a place of business unless the distance from the person's place of residence or place of business to the place of the examination is less than 150 miles. *See* Rule 708.160(a), California Code of Civil Procedure.

James Pandol's place of residence and place of business is more than 150 miles from the Central District of California Court. Therefore, this Court is the proper Court for the examination because the person to be examined is believed to reside and work within 150 miles of the Bakersfield Courthouse. Nakazawa Decl. §8.

### C. PANDOL Should Be Ordered to Produce Documents Necessary to Identify Company Assets

NYK additionally requests an order requiring production of documents relating to PANDOL's assets to enable it to satisfy its judgment. "The scope of post-judgment discovery is broad, 'the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.'" *British Intern. Ins. Co. v. Seguors La Republica, S.A.*, 200 F.R.D. 586, 588 (W.D. Tex. 2000) (quoting *Caisson Corp. v. County West Building Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974)); *see also Young v. Keele* (1987) 188 CA3d 1090, 1093, 233 CR 850, 852 (the judgment creditor is accorded

"the widest scope for inquiry concerning the property and business affairs of the debtor . . .").

Post judgment discovery can be used to gain information relating to, among other things, the "existence or transfer of the judgment debtor's assets." *British Intern., supra,* 200 F.R.D. at 588. NYK is entitled to financial statements, bank statements and records, investment account statements and tax returns. *The Edward Andrews Group, Inv. v. Addressing Servs. Co. Inc.,* No. 04 Civ 6731, 2006 WL 1214984, at *1, 2006 U.S. Dist. LEXIS 28967, at *2 (S.D.N.Y. May 4, 2006); *Libaire v. Kaplan,* 760 F. Supp. 2d 288 (E.D.N.Y. 2011).

## CONCLUSION

For the reasons stated above, pursuant to Fed. R. Civ. Proc. 69 and California Code of Civil Procedure 708.110 *et seq.*, NYK respectfully requests that the Court issue an order scheduling a debtor examination of PANDOL to take place before a Magistrate Judge of this Court (or referee appointed by the Magistrate Judge) and order that PANDOL produce the documents listed in the proposed order lodged with the Court concurrently with this application.

Respectfully submitted,

Dated: November 3, 2015        COGSWELL NAKAZAWA & CHANG, LLP

By:   /s/ Alan Nakazawa
Alan Nakazawa
Attorneys for Petitioner
NIPPON YUSEN KAISHA