# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIPPON YUSEN KAISHA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PANDOL ASSOCIATES MARKETING, INC.,<br><br>　　　　　　Defendant. | Case No. 1:15-mc-00060-SAB<br><br>ORDER FOR APPEARANCE AND EXAMINATION OF JUDGMENT DEBTOR JAMES PANDOL<br><br>(ECF No. 2) |

## I.

## INTRODUCTION

On May 14, 2015, judgment was entered in favor of Plaintiff Nippon Yusen Kaisha (Plaintiff/judgment creditor) and against Defendant Pandol Associates Marketing, Inc. (Defendant/judgment debtor) in the United States District Court for the Central District of California. (ECF No. 2-3.) On November 3, 2015, Plaintiff registered the foreign judgment in the Eastern District of California. (ECF No. 1.) On November 4, 2015, Plaintiff filed an ex parte application for James Pandol to appear for examination. (ECF No. 2.)

## II.

## DISCUSSION

Registration of foreign judgments is governed by 28 U.S.C. § 1963 which provides that a judgment entered in district court may be registered by filing a certified copy of the judgment in any judicial district once the judgment has become final. A judgment which is registered has the

1

same effect as a judgment of the district court where it is registered and may be enforced in like manner. 28 U.S.C. § 1963. The Court finds that Plaintiff has satisfied the requirement of 28 U.S.C. § 1963 because judgment in the amount of $77,439.38 has been entered by this Court. (ECF No. 1.)

Now that the judgment has been registered, Plaintiff has filed an application for a debtor examination and production of documents. (ECF No. 2.) Pursuant to Federal Rule of Civil Procedure 69(a)(1), "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." "[T]he procedure on execution is to be in accordance with the procedure of the state in which the district court is located at the time the remedy is sought." In re Estate of Ferdinand Marcos Human Rights Litigation, 536 F.3d 980, 987-88 (9th Cir. 2008). In turn, California Code of Civil Procedure § 708.110 provides, in relevant part:

> (a) The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.
>
> (b) If the judgment creditor has not caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order upon ex parte application of the judgment creditor.
>
> (c) If the judgment creditor has caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order if the judgment creditor by affidavit or otherwise shows good cause for the order. The application shall be made on noticed motion if the court so directs or a court rule so requires. Otherwise, it may be made ex parte.
>
> (d) The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for the examination. Service shall be made in the manner specified in Section 415.10. Service of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court.
>
> (e) The order shall contain the following statement in 14-point boldface type if printed or in capital letters if typed: "NOTICE TO JUDGMENT DEBTOR. If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding."

Cal Civ. Proc. Code § 708.110(a)-(e).  California Code of Civil Procedure § 708.160(b) also provides that "[a] person sought to be examined may not be required to attend an examination before a court located outside the county in which the person resides or has a place of business unless the distance from the person's place of residence or place of business to the place of examination is less than 150 miles." Cal. Civ. Proc. Code § 708.160(b).

Plaintiff's application sets forth the showing required by Federal Rule of Civil Procedure 69(a)(2) and the applicable provisions of the California Code of Civil Procedure §§ 708.110 and 708.160.

Plaintiff also seeks to require the judgement debtor to produce documents prior to the examination.  Under California law, judgment debtor proceedings "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment." United States v. Feldman, 324 F. Supp. 2d 1112, 1116 (C.D. Cal. 2004) (quoting Imperial Bank v. Pim Elec., Inc., 33 Cal.App.4th 540 (1995)).  Debtor examination is intended "to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor, and to leave no stone unturned in the search for assets which might be used to satisfy the judgment." Alcalde v. NAC Real Estate Investments & Assignments, Inc., 580 F. Supp. 2d 969, 970 (C.D. Cal. 2008) (citations and internal punctuation omitted).

Federal Rule of Civil Procedure 34 authorizes a party to seek production of documents. Further, California Code of Civil Procedure section 708.030(a) provides that a "judgment creditor may demand that any judgment debtor produce and permit the party making the demand, or someone acting on that party's behalf, to inspect and to copy a document that is in the possession, custody, or control of the party on whom the demand is made. . . ." Cal. Civ. Proc. Code § 708.030. Accordingly, the judgment debtor shall produce the following documents for inspection as directed by this order.

    a.    Any and all information and documentation identifying real property, personal property, computers, intellectual property, vehicles, boats, brokerage accounts, retirement accounts, life insurance policies, bank deposits, securities, cash and all

3

    other assets owned by Pandol Associates Marketing, Inc., including, but not limited to, information relating to financial accounts and monies owed to Pandol Associates Marketing, Inc. by others. Such information and documents, shall include, without limitation, the location of any and all property and assets of Pandol Associates Marketing, Inc.

 b. All tax returns filed by Pandol Associates Marketing, Inc. with any governmental body for the years 2013 through the present.

 c. All of Pandol Associates Marketing, Inc.'s accounting records, computerized, electronic and/or in printed or paper format for the years 2014 through the present.

 d. All of Pandol Associates Marketing, Inc.'s statements, cancelled checks and related banking documents for any bank, brokerage or financial account at least partially controlled by Pandol Associates Marketing, Inc., or recorded in the name of Pandol Associates Marketing, Inc. for the years 2014 through the present.

 e. All of Pandol Associates Marketing, Inc.'s checkbooks, checkbook stubs and checkbook entries for the years 2014 through the present.

 f. Any settlement agreements by which another party has agreed to pay money to Pandol Associates Marketing, Inc.

 g. All of Pandol Associates Marketing, Inc.'s records of accounts payable and receivables, payroll check stubs, passbooks, financial statements, deeds, promissory notes and stock registers.

 h. All credit card statements of Pandol Associates Marketing, Inc. for the years 2014 through the present.

 1. Documents sufficient to show Pandol Associates Marketing, Inc.'s balance sheet for each month for the years 2014 through the present.

 j. Documents sufficient to show Pandol Associates Marketing, Inc.'s gross revenues for each month for the years 2014 through the present.

 k. Documents sufficient to show Pandol Associates Marketing, Inc.'s costs and expenses for each month for the years 2014 through the present.

## III.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant/judgment debtor James Pandol shall appear personally on **Wednesday, January 6, 2016, at 10:00 a.m.** in Courtroom 9 of the United States District Courthouse, located at 2500 Tulare Street, Fresno, California, 93721, to furnish information to aid in enforcement of a money judgment by answering questions about the Defendant/judgment debtor's real and personal property and assets;

2. Judgment debtor shall produce documents responsive to this order to Alan Nakazawa of Cogswell Nakazawa & Chang, LLP, 444 W. Ocean Blvd., Suite 1410, Long Beach, California 90802 on or before **December 21, 2015**; and

3. Plaintiff/judgment creditor must serve this order upon Defendant/judgment debtor James Pandol personally not less than ten (10) days before the date set for the examination and must file a certificate of such service with the Court;

**NOTICE TO JUDGMENT DEBTOR. IF YOU FAIL TO APPEAR AT THE TIME AND PLACE SPECIFIED IN THIS ORDER, YOU MAY BE SUBJECT TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT AND THE COURT MAY MAKE AN ORDER REQUIRING YOU TO PAY THE REASONABLE ATTORNEY'S FEES INCURRED BY THE JUDGMENT CREDITOR IN THIS PROCEEDING.**

IT IS SO ORDERED.

Dated: **November 5, 2015**

UNITED STATES MAGISTRATE JUDGE